1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO
3
4

TOMAS A. HERNANDEZ-RIVERA,

     Plaintiff,

     v.

COOPERATIVA DE AHORRO Y
CRÉDITO EMPLEADOS MUNICIPALES
DE GUAYNABO, et al.,

     Defendants.

Civil No. 3:15-cv-01628 (JAF)

5
6    **ORDER**

7    This matter is before the court on Defendant Cooperativa de Ahorro y Crédito de

8    la Universidad de Puerto Rico's motion to dismiss or sever for misjoinder (ECF No. 6),

9    filed on June 5, 2015.  Plaintiff has not opposed the motion, but simultaneously filed an

10   Amended Complaint (ECF No. 7).  For the following reasons, Defendant Cooperativa de

11   Ahorro y Crédito de la Universidad de Puerto Rico's motion is GRANTED.

12   As an initial matter, the court notes that it is not required to consider the pending

13   motion to dismiss or sever as moot in light of Plaintiff's Amended Complaint. "[W]hile it

14   is common for district courts to deny a motion to dismiss an original complaint as moot if

15   an amended complaint is timely filed pursuant to Rule 15(a)(1)(B), an amendment to a

16   complaint does not automatically render moot the grounds raised in the motion to dismiss

17   the original complaint." *Oquendo-Claudio v. Santander Financial Services, Inc.*, 2011

18   WL 5163319 at *1 n.4 (D.P.R. Oct. 31, 2011) (*citing Carolina Cas. Ins. Co. v. Tony's*

19   *Towing, Inc.*, 2011 WL 4402147 at *1 n. 4 (S.D.Ala. Sep. 22, 2011) (citations omitted)).

20   "This is especially true where—like here—the amended complaint is substantially

Civil No. 3:15-cv-01628 (JAF)                                                        -2-

1    identical to the original complaint." *Id.* (citations and internal quotation marks omitted).

2    Here, the allegations and claims asserted against Defendant Cooperativa de Ahorro y

3    Crédito de la Universidad de Puerto Rico in the original complaint (ECF No. 1) and the

4    amended complaint (ECF No. 7) are substantially identical. The amended complaint

5    simply adds an introductory section and claims against two additional defendants: Trans

6    Union de Puerto Rico, Inc. and Trans Union LLC. Accordingly, the court does not think

7    it necessary to moot the motion to dismiss for improper joinder.

8          **Plaintiff's Complaint (and Amended Complaint) fail to satisfy the**
9          **prerequisites for joinder pursuant to Fed. R. Civ. P. 20.**
10
11         Under Fed. R. Civ. P. 20(a)(2), defendants may be joined in one action if they

12   meet the following two requirements: First, "a right to relief [must be] asserted against

13   them jointly, severally, or in the alternative with respect to or arising out of the same

14   transaction, occurrence, or series of transactions or occurrences; and second, if there

15   exists a "question of law or fact common to all defendants" in the action. Fed. R. Civ.

16   P. 20(a)(2)(A), (B).

17         Here, the facts of the Complaint (and Amended Complaint) clearly set forth two

18   distinct violations.  The event leading to the claim against Defendant Cooperativa de

19   Ahorro y Crédito Empleados Municipales de Guaynabo occurred on February 25, 2015.

20   The event leading to the claim against Defendant Cooperativa de Ahorro y Crédito de la

21   Universidad de Puerto Rico occurred on February 24, 2015.  The alleged credit inquiries

22   were separately made by Defendant Cooperativa de Ahorro y Crédito Empleados

23   Municipales de Guaynabo and Defendant Cooperativa de Ahorro y Crédito de la

Civil No. 3:15-cv-01628 (JAF)                                           -3-

1    Universidad de Puerto Rico based on information allegedly furnished by Plaintiff's father

2    on different dates.  There is no allegation or evidence that the applications taken by these

3    two defendants were related in any manner.

4        The fact that Defendant Cooperativa de Ahorro y Crédito Empleados Municipales

5    de Guaynabo and Defendant Cooperativa de Ahorro y Crédito de la Universidad de

6    Puerto Rico may have both used Co-Defendants Trans Union de Puerto Rico, Inc. and

7    Trans Union LLC to obtain credit reports on Plaintiff does not demonstrate that the two

8    events arise out of the same transaction.   In fact, the Complaint (and Amended

9    Complaint) demonstrate quite clearly that the two events are unrelated.

10       Plaintiff has not demonstrated that the any right to relief asserted against

11   Defendant Cooperativa de Ahorro y Crédito Empleados Municipales de Guaynabo and

12   Defendant Cooperativa de Ahorro y Crédito de la Universidad de Puerto Rico arises "out

13   of the same transaction, occurrence, or series of transactions or occurrences[.]" See Fed.

14   R. Civ. P. 20(a)(2)(A).

15       Rule 21 states that "[m]isjoinder of parties is not ground for dismissing an action"

16   but that the court may "add or drop a party" or "sever any claims against a party." Fed. R.

17   Civ. P. 21.   Since the court has found that Plaintiff improperly joined Defendant

18   Cooperativa de Ahorro y Crédito de la Universidad de Puerto Rico in this action, we must

19   determine the proper relief.   Since we may not sever the claims against Defendant

20   Cooperativa de Ahorro y Crédito de la Universidad de Puerto Rico without removing it

21   from the suit completely, we find that the proper result is to drop it as a party under Fed.

22   R. Civ. P. 21.

Civil No. 3:15-cv-01628 (JAF)                                                                    -4-

1      Accordingly, Defendant Cooperativa de Ahorro y Crédito de la Universidad de

2    Puerto Rico's motion to dismiss for improper joinder is GRANTED.  Plaintiff's claim

3    against Defendant Cooperativa de Ahorro y Crédito de la Universidad de Puerto Rico

4    (Count I) is hereby DISMISSED WITHOUT PREJUDICE.

5      Plaintiff's claim against Defendant Cooperativa de Ahorro y Crédito Empleados

6    Municipales de Guaynabo (Count II) and his claims against Trans Union LLC and Trans

7    Union de Puerto Rico (Count III) remain.

8    **IT IS SO ORDERED.**

9    San Juan, Puerto Rico, this 24th day of August, 2015.

10                                                        S/José Antonio Fusté
11                                                        JOSE ANTONIO FUSTE
12                                                        U. S. DISTRICT JUDGE