**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **TOMAS A. HERNÁNDEZ-RIVERA,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 15-1628 (PAD)** |
| **COOPERATIVA DE AHORRO Y CRÉDITO, ET AL.,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion for Attorney's Fees and Memorandum in its Support" (Docket No. 67), which plaintiff opposed (Docket No. 38), defendant replied (Docket No. 70) and plaintiff surreplied (Docket No. 71). For the reasons explained below, the motion is DENIED.

## I. BACKGROUND

Plaintiff Tomás Hernández-Rivera initiated this action complaining that Trans Union – a consumer reporting agency– included in his credit report two inquiries resulting from loan applications his father, Tomás Hernández-Aldarondo, submitted to two credit unions, Cooperativa de Ahorro y Crédito de la Universidad de Puerto Rico and Cooperativa de Ahorro y Crédito Empleados Municipales de Guaynabo (Docket No. 7). The court granted Trans Union's motion for summary judgment, dismissed the complaint, and ordered plaintiff to show cause as to why the court should not grant Trans Union reasonable fees under Section 1681n(c) of the Fair Credit

Case 3:15-cv-01628-PAD   Document 73   Filed 03/06/19   Page 2 of 3

Tomás A. Hernández-Rivera v. Cooperativa de Ahorro y Crédito Empleados Municipales de Guaynabo, *et al.*
Civil No. 15-1628 (PAD)
Memorandum and Order
Page 2

Reporting Act (Docket No. Docket No. 59, n.11).[1] Plaintiff did not show cause as ordered. Instead, he appealed to the First Circuit, which affirmed the court's ruling (Docket No. 65). Following the First Circuit's mandate, Trans Union moved for attorney's fees in the amount of $16,987.50 (Docket No. 67).

## II.     DISCUSSION

The FCRA authorizes the court to award attorney's fees to a "prevailing party" upon a finding that "an unsuccessful pleading, motion, or other paper filed in connection with [the action] was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c). It is not enough to show that the "pleading, motion, or other paper" in question "later turned out to be baseless." Roger v. Johnson-Norman, 514 F.Supp.2d 50, 52 (D.D.C. 2007); Ryan v. Trans Union Corp., 2001 WL 185182, *6 (N.D.Ill. Feb.26, 2001); Bagumyan v. Valero Energy Corp., 2007 WL 1500849, *2 (C.D.Cal. Apr.25, 2007) (allegation that plaintiff engaged in bad faith by maintaining action after being provided with exculpatory information was insufficient to state a claim for attorney's fees under 15 U.S.C. § 1681n(c), which applies only to papers "filed in bad faith or for purposes of harassment"); Lewis v. Trans Union LLC, 2006 WL 2861059, *4 (N.D.Ill. Sept.29, 2006) (awarding attorney's fees pursuant to Section 1681n(c) where plaintiff "knew of the falsity and baselessness of allegations in the complaint when it was filed"); Mayle v. Equifax Info. Servs., Inc., 2006 WL 398076, at *2 (N.D.Ill. Feb.14, 2006)(defendants were entitled to attorney's fees

---

[1] The complaint stated plaintiff suffered damages, and that those damages included "without limitation, a significant expenditure of time and money, commercial impairment, inconvenience, embarrassment, humiliation and emotional distress including physical manifestations of such distress, over a period lasting longer than three months." As the court elaborated in its Opinion and Order, however, the record shows no actual damages. The uncontested facts confirm that after the two inquiries appeared on plaintiff's credit report: (i) he did not apply for any loan, mortgage, credit card, car loan or any other type of credit; (ii) he was never denied credit as a result of those two inquires; (iii) the terms and conditions of his credit cards did not change; (iv) there was no financial, business, commercial, or job opportunity lost, nor loss of opportunity of any kind; and (v) plaintiff did not lose any sleep, did not suffer any household or family problems, did not encounter any problem at work, did not seek medical or professional help, and did not need medication. Moreover, there was no effect on plaintiff's reputation.

<u>Tomás A. Hernández-Rivera</u> v. <u>Cooperativa de Ahorro y Crédito Empleados Municipales de Guaynabo</u>, *et al.*
Civil No. 15-1628 (PAD)
Memorandum and Order
Page 3

under Section 1681n(c) where plaintiff and her attorneys had documentation showing that plaintiff's FCRA action was frivolous prior to the filing of the action).

In this light, Trans Union's motion falls short of the showing necessary to sustain an award of attorney's fees under Section 1681n(c). While it is true that, as an officer of the court, plaintiff's attorney should have reviewed with his client the likelihood of being able to prove the damages sought in the complaint, the record does not support a finding that the complaint was filed in bad faith or for purposes of harassment. From all that appears here, plaintiff did not know why his credit report was disseminated on two occasions without undertaking discovery on the topic and receiving a formal explanation from Trans Union for the first time through summary judgment practice (Docket No. 68, p. 4). Yet more is required to impose attorney's fees under the FCRA. Thus, Trans Union's petition for award of attorney's fees is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of March, 2019.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge